UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:06-CV-73 (CEJ) ) |
| KRI MIDWEST, INC. | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendant KRI Midwest, Inc., pursuant to Rule 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were served on defendant on March 14, 2006. Defendant did not file an answer or other responsive pleading or seek additional time to do so. Upon plaintiffs' motion, the Clerk of Court entered default against defendant on June 9, 2006.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Relations Management Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are three employee benefit plans (the Pension, Welfare and Vacation funds), their trustees (the plans), and the Carpenters' District Council of St. Louis (the Union). Defendant KRI Midwest, Inc., is a party to a collective bargaining agreement with the Union. Plaintiffs contend that defendant failed to make timely contributions to the plans as required under the terms of the collective bargaining agreement. They seek $8,310.72 in delinquent contributions, $1,662.14 in liquidated damages, and

$498.07 in interest. Plaintiffs additionally seek $586.00 in attorney's fees, and $425.95 in court costs.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On May 5, 2004, defendant and the Union entered into a collective bargaining agreement which remains in effect until May 6, 2008. The collective bargaining agreement obligates defendant to make contributions to the Pension fund (§ 5.08), the Welfare fund (§ 5.07), and the Vacation fund (§ 5.06). Signatories are also required to make contributions to the Carpenters International Training Fund (§ 5.04) and the St. Louis Construction Training and Advancement Foundation (§ 5.09). Employers make contributions by purchasing "fringe benefit stamps" for each covered employee. The failure to make the required contributions subjects signatories to liquidated damages and interest on untimely payments plus attorney's fees and costs incurred in recovering those damages. (§ 5.10).

Plaintiffs submit the affidavit of Juli Laramie, an accountant and the controller for the benefit funds. According to Ms. Laramie, defendant failed to purchase the required fringe benefit stamps. Pursuant to § 5.10, Ms. Laramie conducted an audit of

defendant's records for the period of March 2005 through March 2006.  The report of the audit lists eleven employees, the hours they worked each month, the contribution rate, and the amount owed. For ten employees, the contribution rates are $10.54 per regular hour and $20.56 per overtime hour.  Contributions were calculated at the rate of $2.02 per regular hour and $3.52 per overtime hour for the eleventh employee.

Ms. Laramie does not explain how she derived the contribution rates cited in her audit report.  Exhibit A to the collective bargaining agreement sets forth the contribution rates for each of the funds effective May 5, 2004.  However, there are slight variations in the rates depending upon the location of the work site and other factors and the Court cannot ascertain which factors pertain in this case.  It is also not clear which of the funds are included in the audit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs shall, not later than **July 14, 2006**, file supplemental materials supporting their calculations of the contribution rates for each of the eleven employees listed in the audit report dated April 27, 2006.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2006.