UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS, et al., ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | No. 4:06-CV-73 (CEJ) |
| KRI MIDWEST, INC. ) ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for default judgment against defendant KRI Midwest, Inc., pursuant to Rule 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were served on defendant on March 14, 2006. Defendant did not file an answer or other responsive pleading or seek additional time to do so. Upon plaintiffs' motion, the Clerk of Court entered default against defendant on June 9, 2006.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Relations Management Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are three employee benefit plans (the Pension, Welfare and Vacation funds), their trustees (the plans), and the Carpenters' District Council of St. Louis (the Union). Defendant KRI Midwest, Inc., is a party to a collective bargaining agreement with the Union. Plaintiffs contend that defendant failed to make timely contributions to the plans as required under the terms of the collective bargaining agreement. They seek $8,310.72 in delinquent contributions, $1,662.14 in liquidated damages, and

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

$498.07 in interest.  Plaintiffs additionally seek $586.00 in attorney's fees, and $425.95 in court costs.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement.  29 U.S.C. § 1145.  Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs.  29 U.S.C. § 1132(g)(2).

On May 5, 2004, defendant and the Union entered into a collective bargaining agreement which remains in effect until May 6, 2008.  The collective bargaining agreement obligates defendant to make contributions to the Pension fund (§ 5.08), the Welfare fund (§ 5.07), and the Vacation fund (§ 5.06).  Signatories are also required to make contributions to the Carpenters International Training Fund (§ 5.04) and the St. Louis Construction Training and Advancement Foundation (§ 5.09).  Employers make contributions by purchasing "fringe benefit stamps" for each covered employee.  The failure to make the required contributions subjects signatories to liquidated damages and interest on untimely payments plus attorney's fees and costs incurred in recovering those damages.  § 5.10.

Plaintiffs submit the affidavits of Juli Laramie, an accountant and the controller for the benefit funds.  According to Ms. Laramie, defendant failed to purchase the required fringe benefit stamps.  Pursuant to § 5.10, Ms. Laramie conducted an audit

-2-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of defendant's records for the period of March 2005 through March 2006. The report of the audit lists eleven employees, the hours they worked each month, the contribution rate, and the amount owed. The Court finds that plaintiffs have established they are entitled to collect $8,310.72 in delinquent contributions for the period of March 2005 through March 2006.

In addition, plaintiffs are entitled to recover liquidated damages, measured as twenty percent of the amount of delinquent contributions, and interest at the rate of ten percent of the amount of delinquent contributions together with the liquidated damages. § 5.10. The affidavit of Ms. Laramie establishes that defendant owes liquidated damages in the amount of $1,662.14, and interest in the amount of $498.07. Thus, a total of $10,470.93 is due for delinquent contributions, liquidated damages and interest.

Plaintiffs also submit the affidavit of their attorney, Greg A. Campbell. Mr. Campbell states that his standard hourly rate for his services is $155.00 and that he spent 3.2 hours working on this case, for a fee of $496.00. A legal assistant performed 1.2 hours of work, billed at $75.00 per hour, for a fee of $90.00. Attorneys fees in the amount of $586.00, plus costs in the amount of $250.00 for the filing fee and $175.95 for service of process will be included in the judgment.

Based upon its review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendant KRI Midwest, Inc., in the amount of $11,482.88.

Accordingly,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendant KRI Midwest, Inc. [#10] is **granted**.

```
_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE
```

Dated this 21st day of July, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com